## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FRANCINE MARTIN, JEFFREY A. MARTIN, and all others similarly situated, | ) ) ) ) | Case No. <u>CIV-16-1042-F</u> |
| Plaintiffs, | ) ) | |
| v. | ) ) | Removed From: District Court of Oklahoma County, Oklahoma |
| UNITED AIRLINES, INC., | ) ) | Case No. CJ-2016-412 5 |
| Defendant. | ) ) | |

### NOTICE OF REMOVAL

Defendant United Airlines, Inc. ("United") hereby submits this Notice of Removal pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 119 Stat. 4, codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453, and pursuant to 28 U.S.C. §§ 1441(a) and 1446.  In support of this Notice of Removal, United states as follows:

1.     On August 15, 2016, Plaintiffs Francine Martin and Jeffrey A. Martin[1] ("Plaintiffs") filed their Class Action Petition (the "Petition") in the District Court of Oklahoma County, Oklahoma, asserting claims against United for breach of contract, unjust enrichment, and tortious breach of the covenant of good faith.  *See* Petition, attached as Exhibit 1.

2.     On August 24, 2016, Plaintiffs filed their First Amended Class Action Petition (the "First Amended Petition"), asserting the same claims against United as asserted in the Petition.  *See* First Amended Petition, attached as Exhibit 2.

---

[1] Plaintiff Jeffrey A. Martin was named in the state court as "J.A. Martin."  However, the Civil Cover Sheet requires that Plaintiffs' full names be listed, and United is aware of no rule that would allow Mr. Martin to conceal his identity in this action.

3.      United has satisfied all procedural requirements for removal. In addition, federal jurisdiction exists here under CAFA because the proposed plaintiff class (1) has at least 100 putative class members, (2) asserts an aggregate amount in controversy in excess of $5,000,000 and (3) includes at least one class member whose citizenship is diverse from that of United. 28 U.S.C. §§ 1332(d)(2), (d)(5).

## I.     UNITED HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

4.      Plaintiffs served United with the Petition on August 19, 2016, and served United with the First Amended Petition by mailing it to United on August 24, 2016.  *See* Service of Process Transmittals, attached as Exhibit 3.   Accordingly, this Notice of Removal is timely because it is filed within thirty days of service of both the Petition and the First Amended Petition.  28 U.S.C. § 1446(b).

5.      Venue is proper in this Court because the District Court of Oklahoma County, Oklahoma is located in the Western District of Oklahoma.  *See* 28 U.S.C. § 1441(a) (a state-filed action subject to federal jurisdiction may be removed "to the district court…for the district and division embracing the place where such action is pending"); 28 U.S.C. § 116(c) ("Oklahoma is divided into three judicial districts....The Western District comprises the counties of…Oklahoma").

6.      Consistent with the requirements of 28 U.S.C. § 1446(a) and Western District of Oklahoma Local Civil Rule 81.2(a), United is filing with this Notice copies of the Petition (*see* Ex. 1) and First Amended Petition (*see* Ex. 2), along with all other process, pleadings and orders contained within the state court file and a printout of the state court's docket (attached as Exhibit 4).

7.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs, and a copy is being filed with the District Court of Oklahoma County, Oklahoma.

8.      United is the only named defendant.  As a result, consent to removal from other defendants is not an issue.  *See* 28 U.S.C. § 1446(b).  Likewise, as set forth below, United is not a citizen of Oklahoma.  As a result, 28 U.S.C. § 1441(b) does not preclude removal.

## II.     THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION UNDER CAFA.

9.      Under CAFA, this Court has diversity jurisdiction over any class action in which (1) at least one class member "is a citizen of a State different from any defendant," (2) the asserted class has at least 100 putative class members and (3) the aggregate amount in controversy "exceeds the sum or value of $5,000,000."  28 U.S.C. § 1332(d)(2), (d)(5). A "class action" includes any civil action filed under Federal Rule of Civil Procedure 23 or any "similar State statute or rule of judicial procedure," 28 U.S.C. § 1332(d)(1)(B), such as 12 Okla. Stat. Ann. § 2023, which Plaintiffs invoke in this case.  *See* Ex. 1, Pet. ¶ 36; Ex. 2, First Am. Pet. ¶ 36.

### A.     The Minimal Diversity Requirement Is Satisfied.

10.     The Petition and First Amended Petition allege that Plaintiffs are citizens of Oklahoma.  *See* Ex. 1, Pet. ¶ 1; Ex. 2, First Am. Pet. ¶ 1; *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("[T]he place of residence is *prima facie* the domicile").  Additionally, plaintiffs seek to represent a purported class including residents

of Oklahoma.  Ex. 1, Pet. ¶¶ 2, 35; Ex. 2, First Am. Pet. ¶¶ 2, 35.  Thus, the putative class

clearly includes alleged members who are citizens of Oklahoma.

11.     United is organized under the laws of Delaware and has its principal place of

business in Illinois.  *See* Declaration of Sucheta Misra, attached hereto as Exhibit 5, ¶¶ 3-

6.  United is therefore a citizen of Delaware and Illinois for purposes of federal jurisdiction.

28 U.S.C. § 1332(c)(1).

12.     Accordingly, the minimal diversity requirement of 28 U.S.C. §

1332(d)(2)(A) is satisfied because at least one member of the putative class of plaintiffs is

a citizen of a state different than United.

**B.     The Alleged Class Has At Least 100 Putative Members.**

13.     The First Amended Petition alleges the following putative class:

[A]ll persons and entities residing in and/or located in the State of Oklahoma,
all other States of the United States, and all countries around the world who,
like the Martins, paid money to UA for: (a) Tickets for air transportation by
UA, but were never provided transportation and UA kept their money; (b)
Better seats on aircraft they never occupied and UA kept their money; (c)
"Change fees" and other charges not agreed upon and not authorized in the
parties' contract; and (d) *Federal Transportation Taxes, 9/11 Security Fees,
and Passenger Facility Charges* that UA kept, or that UA passed on to
government entities, but should not have since those who paid the money
were never transported by UA, and, therefore, never became liable for such
taxes, fees and charges.

Ex. 2, First Am. Pet. ¶ 35 (emphasis in original).  The First Amended Petition also expressly

alleges that the putative class includes "thousands of members."  *Id.* ¶ 38.

14.     Even apart from that express allegation, there is no question that the asserted

class has at least 100 putative members.  Plaintiffs seek to represent a *worldwide* class,

without any time limitations, consisting at a minimum of individuals who purchased and

then were unable to use nonrefundable tickets or who were charged fees for changing their tickets.  According to the Bureau of Transportation Statistics ("BTS"), in 2015, United transported 94,891,627 passengers and received approximately $798,280,000 in revenue from cancellation and change fees.  *See* Bureau of Transportation Statistics, United Air Lines Passengers Data, attached as Exhibit 6; Bureau of Transportation Statistics, Reservation Cancellation/Change Fees by Airline 2015, attached as Exhibit 7.[2]  Given this data, for just one year, it is a more than reasonable inference that during the unlimited time period of Plaintiffs' putative class definition, at least 100 United passengers cancelled or changed their tickets and paid fees to United as a result.

15.     The alleged class therefore plainly satisfies the minimal requirement of 100 putative members set forth in 28 U.S.C. § 1332(d)(5).

## C.     The Aggregate Amount in Controversy Exceeds $5,000,000.

16.     United disputes that Plaintiffs have stated any viable claims or that any damages whatsoever are owed to Plaintiffs individually or on behalf of any class. Nevertheless, it is evident from the asserted definition of the putative class, the nature of Plaintiffs' claims, and the relief sought that Plaintiffs seek aggregate damages on behalf of themselves and the alleged class well in excess of the $5,000,000 aggregate threshold required by CAFA.

---

[2] This Court may take judicial notice of official government statistics because they are self-authenticating. *United States v. Cecil*, 836 F.2d 1431, 1452 (4th Cir. 1988); *see also House v. Kent Worldwide Mach. Works, Inc.*, 359 F. App'x 206, 209 (2d Cir. 2010) (affirming ruling that table of statistics in National Vital Statistics Reports was self-authenticating); *United States v. Williams*, 946 F.2d 888 (Table), 1991 WL 199870, at *11 (4th Cir. 1991) (holding that United States Army Pay Tables were properly admitted as self-authenticating).

17.     The Supreme Court has made clear that "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).   To the contrary, Congress enacted CAFA specifically "*to facilitate* adjudication of certain class actions in federal court." *Id.* (emphasis supplied).   "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Id.* at 551 (citing 28 U.S.C. § 1446(c)(2)(A)).   The defendants' notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. at 554.   It "need not contain evidentiary submissions." *Id*. at 551.   Moreover, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id*. at 553.

18.     Plaintiffs assert in their First Amended Petition that they seek damages on behalf of "themselves and the Class they seek to represent" in an amount "that will most likely exceed the amount required for diversity jurisdiction under §1332 of Title 28 of the United States Code." Ex. 2, First Am. Pet. at Prayer for Relief (p. 19).   Although they do not further specify the amount in controversy, their extraordinarily broad class definition and the nature of their putative claims establish that the amount in controversy substantially exceeds the CAFA threshold of $5,000,000.   Plaintiffs' Petition purports to challenge the propriety of fees that United charges when passengers cancel or change their tickets for travel on United flights. *See, e.g., id.* at ¶¶ 28, 30, 59-61, 67-68.   According to BTS's data, in 2015 alone, United received approximately $798,280,000 in revenue from cancellation and change fees. *See* Ex. 7.   Further, Plaintiffs allege that, in 2011, United and Delta Airlines together generated more than $1,000,000,000 just from change fees.   Ex. 2, First

Am. Pet. ¶ 17.  And as previously noted, Plaintiffs purport to represent a *worldwide* class of United passengers, with no limitation at all as to the timeframe of claims that they purport to assert on behalf of that class.

19.     United's allegation that the aggregate amount in controversy in this case exceeds $5,000,000, based on Plaintiffs' class definition, the nature of the claims asserted in their Petition and publicly available data relating to cancellation and change fees, is certainly "plausible."  *Dart Cherokee*, 135 S. Ct. at 554.  Even excluding Plaintiffs' request for punitive damages and attorney's fees, CAFA's amount in controversy requirement is easily satisfied.  This action therefore is properly removed under 28 U.S.C. § 1441.

*** 

20.     United reserves the right to amend and/or supplement this notice of removal.

WHEREFORE, for these reasons, Defendant United removes this civil action to the United States District Court for the Western District of Oklahoma.

Dated: September 8, 2016

Respectfully submitted,

By:   /s/ Mark R. McPhail
Mark R. McPhail, OBA #15307
SPRADLING, KENNEDY & MCPHAIL, LLP
The Tower, Suite 1750
1601 N.W. Expressway
Oklahoma City, OK 73118
Tel:   405-418-2700
Fax:   405-418-2705
mrmcphail@spradlinglaw.com

Sondra A. Hemeryck (*pro hac vice* to be submitted)
Jacob L. Kahn (*pro hac vice* to be submitted)
RILEY SAFER HOLMES & CANCILA LLP
Three First National Plaza
70 W. Madison St., Suite 2900
Chicago, IL  60602
Tel:   312-471-8700
Fax:   312-471-8701
shemeryck@rshc-law.com
jkahn@rshc-law.com

**ATTORNEYS FOR DEFENDANT UNITED AIRLINES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and mailed the same to:

Jeffrey A. Martin, OBA#15573
6609 Whispering Grove Drive
Oklahoma City, OK 73169
Telephone: (405) 261-0002
Fascimile: (405) 261-2126

**PRO SE PLAINTIFF AND ATTORNEY FOR PLAINTIFF FRANCINE MARTIN**

s/ Mark R. McPhail